UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION *For the use and benefit of* CALLENDER CONSTRUCTION COMPANY, INC.<br><br>  Use Plaintiff,<br><br>  vs.<br><br>PANGEA, INC.,<br><br>Serve at:<br>Registered Agent Solutions, Inc.<br>3225-A Emerald Lane<br>Jefferson City, MO 65109<br><br>And<br><br>MASSMAN CONSTRUCTION CO.<br><br>Serve at:<br>3225 A. Emerald Lane<br>Jefferson City, MO 65109<br><br>And<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND<br><br>Serve at:<br>221 Bolivar Street<br>Jefferson City, MO 65101<br><br>And<br><br>ZURICH AMERICAN INS. CO.<br><br>Serve at:<br>221 Bolivar Street<br>Jefferson City, MO 65101<br><br>And | Case No.<br><br><br><br>**Plaintiff Requests a Jury Trial on all Counts of this Complaint** |

1

| | |
|---|---|
| NORTH AMERICAN SPECIALTY<br>INSURANCE COMPANY | )<br>)<br>) |
| Serve at:<br>1200 Main Street, Suite 800<br>Kansas City, MO 64105-2478 | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Comes now Use Plaintiff Callender Construction Company, Inc. ("Callender") and for its Petition against Pangea, Inc. ("Pangea"), Massman Construction Co. ("Massman"), Fidelity and Deposit Company of Maryland ("FDCM"), Zurich American Insurance Company ("Zurich"), and North American Specialty Insurance Company ("NAS"), states as follows:

## JURISDICTION AND VENUE

1. Callender is an Illinois corporation with its principal place of business in Pittsfield in Pike County, Illinois.

2. Pangea, Inc. is a Missouri corporation in good standing with its principal place of business in the City of St. Louis, Missouri.

3. Massman Construction Co. ("Massman") is a Missouri corporation in good standing with its principal place of business in Overland Park, Kansas.

4. Upon information and belief, FDCM is a foreign insurance company incorporated under the laws of Maryland and licensed by the Missouri Department of Insurance to engage in insurance business in the State of Missouri.

5. Upon information and belief, Zurich is a foreign insurance company incorporated under the laws of New York and licensed by the Missouri Department of Insurance to engage in insurance business in the State of Missouri.

2

6. Upon information and belief, Defendant NAS is a foreign insurance company organized and existing under New Hampshire law and licensed by the Missouri Department of Insurance to engage in insurance business in the State of Missouri.

7. This Court has federal question jurisdiction under 28 U.S. Code § 1331 pursuant to 28 U.S.C. § 1352, in that the project at issue was partially funded through a TIGER grant administered by the Federal Department of Transportation, and as such subject to 2 C.F.R. § 200.325, which required the issuance of a payment bond, such that the payment bond referenced in paragraph 11 infra constitutes a bond executed under federal law. Callender is making a claim against such bond.

8. In addition, this Court has subject matter jurisdiction pursuant to 28 U.S. Code § 1332(A)(1) in that the dispute involves parties from different states and is for an amount of in excess of $75,000.

9. Venue is proper in this Court under 28 U.S. Code § 1391(b)(1) and (d) in that, for venue purposes under 28 U.S.C 1391, all defendants herein are residents of the Eastern District of Missouri. The defendants' involvement in the project at issue, a substantial portion of which was located and took place in Pike County, Missouri, which is within the Eastern District of Missouri, would have constituted sufficient contacts to subject them to personal jurisdiction in this Court if the Eastern District of Missouri were a separate State. In addition, the terms of the purchase order PO-4505 between Pangea and Callender contains a venue provision which provides as follows:

**ARTICLE 22 – Governing Law, Jurisdiction and Venue**
Except for any claim or dispute subject to the Contract Disputes Act as provided in Article 18, this Order shall be governed by the laws of the State of Missouri and the parties hereby consent to the exclusive jurisdiction of the U.S. District Court for the Eastern District of Missouri or the Circuit Court of the City of St. Louis, Missouri with respect to any action brought under this Order.

3

## GENERAL ALLEGATIONS

10. On July 13, 2017, the Missouri Highways and Transportation Commission ("the Commission") entered into a contract ("the Prime Contract") with Massman for a project providing for the construction of a new Mississippi River bridge and related improvements known as "The US 54 Champ Clark Bridge Project" ("the Project"). A true and correct copy of the Prime Contract is attached hereto as **Exhibit 1**.

11. As required by RSMo. 107.170 and 2 C.F.R. § 200.325, Massman obtained payment bond number 09260108 ("the Prime Contract Payment Bond") from FDCM/Zurich to secure the payment of labor and materials supplied to the Project. A true and correct copy of the Prime Contract Payment Bond is attached hereto as **Exhibit 2.**

12. Upon information and belief, Massman entered into a subcontract with Pangea for a portion of its scope of work under the Prime Contract on or about August 8, 2017.

13. Pangea obtained payment bond number 2258127 ("the Subcontract Payment Bond") from NAS to secure the payment of labor and materials supplied to the Project under Pangea's scope of work. A true and correct copy of the Subcontract Payment Bond is attached hereto as **Exhibit 3.**

14. On or about November 14, 2017, Pangea issued purchase order number PO-4505 in the amount of $152,490.00 to Callender for Embankment Fill to be provided to the Project ("the Callender Contract"). A true and correct copy of the Callender Contract is attached hereto as **Exhibit 4.**

15. Over the course of the next 20 months, multiple "Purchase Change Orders" related to the Callender Contract were entered into between Pangea and Callender, which modified the amount of embankment fill to be provided, added additional rock products to the Callender Contract, and provided for additional compensation for loading out rock outside the

normal delivery window of Monday through Friday afternoon. Such Purchase Change Orders brought the total amount of the Callendr Contract to $1,135,762.69. True and correct copies of the Purchase Change Orders are attached hereto as **Exhibit 5.**

16. Callender filled all orders for embankment / rock fill ordered by Pangea through September 4, 2019, specifically advising Pangea when weather conditions would render the fill material saturated with water.

17. Pangea instructed Callender to deliver the embankment / rock fill materials even when it was informed that weather conditions had rendered the fill material saturated with water, and approved the deliveries made by Callender.

18. However, despite multiple requests for payment, Pangea paid Callender only $1,047,472.81, leaving a principal balance of $85,665.71 on which Callender assessed, up to the time of its last invoicing, $2,624.17 in late fees, bringing the total amount due to 88,289.88. An account statement listing the invoices, payments and balances pertaining to the Callender Contract is attached hereto as **Exhibit 6**.

19. Within 90 days of making its last delivery of rock fill on or about September 4, 2019, Callender notified both NAS and FDCM/Zurich, as well as Massman and Pangea, of the open balance on the Callender Contract. True and complete copies of the Notices of Nonpaymnet are attached hereto as **Exhibit 7**.

20. On December 2, 2019, Callender submitted a Proof of Claims ("PoC") each to NAS and FDCM/Zurich, with documentary support for its claim attached. True and correct copies of the letters transmitting the PoCs, with the voluminous backup omitted, are attached hereto as **Exhibits 8** and **9.**

21. Both NAS and FDCM/Zurich denied Callender's bond claims based on a pay-when-paid clause in the terms of PO-4505 and alleged quality issues with the rock fill, which are

5

disputed. True and correct copies of the respective denial letters are attached hereto as **Exhibits 10** and **11.**

## COUNT I – BREACH OF CONTRACT AGAINST PANGEA

22. Callender restates paragraphs 1 through 18 as its paragraph 22 of Count I.

23. Callender filled all orders relating to the Callender Contract and otherwise satisfied all conditions precedent to maintaining this action, or alternatively is excused from having to perform conditions due to Pangea's prior material breach of the Contract and/or waiver of contract provisions by its actions.

24. Pangea had an obligation to pay Callender for the materials that Callender furnished.

25. Pangea failed to pay Callender for all the materials that Callender furnished, and thereby breached its obligation to pay Callender.

26. As a direct and proximate result of Pangea's breach of its contract obligation to pay Callender in accordance with the terms of the Callender Contract, Callender has been damaged in the principal amount of $85,665.71.

27. Pursuant to RSMo. 408.020, Callender is entitled to prejudgment interest at the rate of Nine percent (9%) per annum.

28. RSMo. 34.057 provides that a contractor on a public project such as this one, absent reasonable cause, shall make payments to its subcontractors within fifteen days after receipt of payment from the Owner.  Pangea, has not paid Callender in compliance with such requirements.  Pangea has and had no reasonable cause not to make such payment.

29. Section 34.057 provides that if the contractor in withholding payment exhibits an absence of good faith and reasonable cause, the Court may impose penalty interest of 18% against the contractor who did not make proper payment, and award reasonable attorney fees to

6

the prevailing party. Pangea did not withhold payment in good faith for reasonable cause of the monies due and owing Callender. Callender is thereby entitled to 18% penalty interest on all amounts due and owing since Callender became entitled to payment for same, and an award of Callender's reasonable attorney's fees.

WHEREFORE, Callender Construction Company prays that this Court enter its judgment on this Count in favor of Callender and against Pangea, and award Callender the following relief:

A. Actual damages in the amount of $85,665.71 with respect to the unpaid contract balance;

B. Prejudgment interest on said damages accruing at the statutory rate of nine percent per annum or such other rate as prescribed by law from the date payment was due through the date of Judgment;

C. Penalty interest pursuant to RSMo. 34.057 on said actual damages at the rate of eighteen percent per annum from the date payment was due through the date of Judgment;

D. Callender's reasonable attorneys fees incurred in connection with this matter pursuant to RSMo. 34.057;

E. Callender's costs incurred in connection with this action; and;

F. Such other and further relief as the Court deems just, fair and proper.

### COUNT II (QUANTUM MERUIT) – In the Alternative to Count I

30. Callender incorporates by reference Paragraphs 1 through 13 of this Complaint into this paragraph 30 of Count II.

31. Callender furnished materials for the Project at the request of Pangea.

32. Callender actually furnished all materials requested by Pangea and charged Pangea for the fair and reasonable value thereof.

33. Pangea knew about the materials furnished, accepted them, and received a benefit from its receipt of the materials.

34. Pangea knew it was receiving a benefit from its receipt of the materials.

35. Callender has demanded payment for the materials.

36. Pangea has refused to make payment for a portion of the materials furnished by Callender toward the end of the Project.

37. Pangea's acceptance and retention of the materials without full payment for same is inequitable.

38. The fair and reasonable value of the materials that Callender provided for Pangea and for which it has not been paid was $85,665.71.

39. Pursuant to RSMo. 408.020, CB is entitled to prejudgment interest at the rate of Nine percent (9%) per annum.

40. RSMo. 34.057 provides that a contractor, absent reasonable cause, shall make payments to its subcontractors within fifteen days after receipt of payment from the Owner. Pangea, has not paid Callender in compliance with such requirements. Pangea has and had no reasonable cause not to make such payment.

41. Section 34.057 provides that if the contractor in withholding payment exhibits an absence of good faith and reasonable cause, the Court may impose penalty interest of 18% against the contractor who did not make proper payment, and award reasonable attorney fees to the prevailing party. Pangea did not withhold payment in good faith for reasonable cause of the monies due and owing Callender. Callender is thereby entitled to 18% penalty interest on all amounts due and owing since Callender became entitled to payment for same, and an award of Callender's reasonable attorney's fees.

8

WHEREFORE, Callender prays that this Court enter judgment on this Count II in its favor and against Pangea, and award the following relief:

A. Actual damages in the amount of $85,665.71;

B. Prejudgment interest on said actual damages from the time said actual damages were due through trial, at nine percent as prescribed by RSMo. 408.020 or at such other rate as prescribed by law;

C. Penalty interest pursuant to RSMo. 34.057 on said actual damages at the rate of eighteen percent per annum from the date payment was due through the date of Judgment;

D. Callender's reasonable attorneys fees incurred in connection with this matter pursuant to RSMo. 34.057;

E. Callender's costs sustained in this action; and

F. Such other and further relief as the Court deems just, fair and proper.

## COUNT III (Breach of Prime Contract Payment Bond)

42. Callender incorporates by reference Paragraphs 1 through 41 of this Complaint. This Count III is directed against Massman and FDCM/Zurich.

43. In connection with the Project, Massman as principal, and FDCM/Zurich as surety, issued the Prime Contract Payment Bond.

44. Callender, pursuant to the Callender Contract and/or as requested by Pangea, provided labor and materials for the Project.

45. The Project was a "public works project" as contemplated by the applicable Missouri statutes.

46. Pursuant to RSMo. 107.170, RSMo. 522.300, and 2 C.F.R. § 200.325, FDCM/Zurich, acting as surety, and Massman as principal, issued the Prime Contract Payment Bond, which functions as the statutory payment bond for the Project.

9

47. Pursuant to the terms of the Prime Contract Payment Bond, as statutorily modified by Sections 107.170 and 522.300, Massman and FDCM/Zurich are jointly and severally obligated to pay for the materials furnished by Callender with respect to the Project.

48. Neither Massman, the principal on the Prime Contract Payment Bond, nor FDCM/Zurich as Massman's surety, have paid Callender for all materials that Callender furnished for the Project, and thereby have breached the Prime Contract Payment Bond.

49. As a direct and proximate result of the breach by Massman and FDCM/Zurich of their respective payment obligations under the Prime Contract Payment Bond, Callender has been damaged in the principal amount of $85,665.71.

50. Callender has complied with all of its obligations under the Prime Contract Payment Bond and all conditions precedent to bringing this claim under the Prime Contract Payment Bond.

51. Pursuant to RSMo. 408.020, CB is entitled to prejudgment interest at the rate of Nine percent (9%) per annum.

WHEREFORE, Callender prays that this Court enter its Judgment in this action on this Count III in favor of Callender and jointly and severally against Massman and FDCM/Zurich, and award the following relief:

A. Actual damages in the amount of $85,665.71;

B. Prejudgment interest on such actual damages at nine percent per annum pursuant to RSMo. 408.020, or as otherwise provided by law, from the time payment became due to Callender through the date of Judgment;

C. Callender's costs sustained in this action;

D. Callender's reasonable attorney's fees sustained in this action; and

E. Such other and further relief as the Court deems just, fair and proper.

### COUNT IV (Breach of Subcontract Payment Bond)

52. Callender incorporates by reference Paragraphs 1 through 41 of this Complaint into this paragraph 52 of Count IV.  This Count IV is directed against Pangea and NAS.

53. In connection with the Project, Pangea as principal, and NAS as surety, issued the Subcontract Payment Bond.

54. Callender, pursuant to the Callender Contract and/or as requested by Pangea, provided labor and materials for the Project.

55. Pursuant to the terms of the Subcontract Payment Bond, Pangea and NAS are jointly and severally obligated to pay for the materials furnished by Callender with respect to the Project.

56. Neither Pangea, the principal on the Subcontract Payment Bond, nor NAS as Pangea's surety, have paid Callender for all materials that Callender furnished to the Project, and thereby have breached their obligation under the Subcontract Payment Bond.

57. As a direct and proximate result of the breach by Pangea and NAS of their payment obligations under the Subcontract Payment Bond, Callender has been damaged in the principal amount of $85,665.71.

58. Callender has complied with all of its obligations under the Subcontract Payment Bond and all conditions precedent to bringing this claim under the Subcontract Payment Bond.

59. Pursuant to RSMo. 408.020, CB is entitled to prejudgment interest at the rate of Nine percent (9%) per annum.

WHEREFORE, Callender prays that this Court enter its Judgment in this action on this Count IV in favor of Callender and jointly and severally against Pangea and NAS, and award the following relief:

A. Actual damages in the amount of $85,665.71;

B. Prejudgment interest at 9 percent per annum on such actual damages pursuant to RSMo. 408.020, or as otherwise provided by law, from the time payment became due to Callender through the date of Judgment;

C. Callender's costs sustained in this action;

D. Callender's reasonable attorney's fees sustained in this action; and

E. Such other and further relief as the Court deems just, fair and proper.

Respectfully submitted,

McCARTHY, LEONARD, KAEMMERER, L.C.

By:  /s/ Boris A. Kaupp
Boris A. Kaupp, #53631
bkaupp@mlklaw.com
Joseph C. Blanner, #50908
jblanner@mlklaw.com
825 Maryville Centre Dr., Ste. 300
St. Louis, Missouri 63017
(314) 392-5200
(314) 392-5221 (Fax)

*Attorneys For Defendants Callender Construction Company, Inc.*